Henry F. Werker, J.
This is a sequel to the earlier motions made by the above-named defendants which were disposed of by .this court’s decision reported at 68 Mise 2d 917. Defendants have moved to suppress evidence obtained by eavesdropping warrants issued on February 5, 1971, an amendment to that, warrant dated February 23, 1971, a warrant issued on March 16, 1971, and an extension thereof dated April 20, 1971.
The application for the May 4 warrant which was issued refers to the latter .two documents hut not the earlier two although the amendment of February 23, 1971, was for the purpose of including the name of one Alan Goldberg whose telephone numbers were the subject of the May 4, 1971, warrant.
Argument and reargument were heard on these motions on March 28, 1972, and a further suppression hearing was held on April 27,1972. The last memoranda from counsel were received on May 26, 1972.
The thrust of the motions is that the May 4 warrant was issued based upon communications which were intercepted during the execution of the prior warrants which neither provided for nor were amended to include the interception of such communications in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the statute of this State as now embodied in subdivision 4 of CPU 700.65.
It is further contended that the communications intercepted under the May 4, 26, June 23 and July 22, 1971, warrants and amendments are “fruit of the poisonous tree” and consequently inadmissable.
The warrant of February 5, 1971, was issued to .the District Attorney of Albany County for the purpose of overhearing *405 conversations over telephone numbers 518-462-2151, 518-462-1285 and 518-462-3078; the first two numbers being listed in the name of the C Club, 220 Central Avenue, Albany, and the last number to Barney’s Wholesale, 220 Central Avenue, Albany. The persons whose conversations allegedly would constitute the crimes listed in .the warrant were “ Anthony Vaccerielli, and the conversations of others acting in consort with him.”
By amendment dated February 23, 1971, the warrant of February 5 was amended so as to authorize eavesdropping on conversations of one Alan Goldberg and Nate (last name unknown). Each of these mentioned the promotion of gambling contrary to the Penal Law of the State of New York.
Subsequently, a warrant was issued against George Tutunjian and one Dorothy Mancini and telephone numbers 272-5825 and 272-2325. Vincent Lombardo the “Nate” mentioned in the amendment of February 23, 1972, allegedly placed calls to the above numbers and conversed with Tutunjian relative to race results, winning horses and other gambling information. Both of these latter persons were known to be involved in gambling activities. The conversations resulting from Lombardo’s calls to Tutunjian as included in the affidavit supporting the Rensselaer District Attorney’s application of March 16, 1971, were such as to give reasonable cause to believe that Tutunjian was involved in gambling activities and the warrant was properly issued.
Thereafter, an extension of the warrant of1 March 16, 1971, was requested by the District Attorney of Rensselaer County on April 20 based upon gambling conversations overheard on the lines authorized in the March 16, 1971 warrant which referred to one “ Al.”
The Attorney-General has raised the issue as to the standing of these defendants to raise objection to the warrants issued earlier which do not involve the seizure of their conversations but which ultimately led to warrants being issued which authorized seizure of these defendants’ conversations. It is not now necessary to become involved in the technicalities of standing.
Suffice it to say that .the conversations which led to the tapping of Tutunjian’s lines and seizure of his conversations resulted from calls to Tutunjian under authorized taps. It was not necessary to amend the order of February 5 because reliance was not placed upon .those conversations but rather upon proper legal surveillance and investigation of Tutunjian which was undertaken before an order was sought against him. The Feb *406 ruary 5 order is .therefore found to be a valid order based upon reasonable cause.
Similarly the March 16 order is based upon investigations and surveillance independently made as well as by disclosures as to the location of Tutunjian’s activity under a valid eavesdropping order. The March 16 order inevitably led to calls made to an unknown male known only as Al at a number listed to one Alan Goldberg at 12 California Avenue. These conversations were ■through calls made by Tutunjian on April 7 and 14, 1971, to the numbers listed in the name of Alan Goldberg who was known to the police for permitting his telephone to be used for gambling purposes.
There was no necessity to amend the order of March 16 or April 20 to include the defendant Sher because the application and order of May 4 did not depend upon any conversation he had with Tutunjian but upon the words of Tutunjian which were legally intercepted and which indicated that the two numbers called by Tutunjian were being used for gambling activity. As a consequence, it is this court’s conclusion that the orders of February 23, March 16 and April 20 were valid and observed the Federal and New York State constitutional requirements. It is also significant that each of the conversations overheard involved the gambling activities set forth in the warrants issued. To the extent required, this court subscribes to the decision in People v. Zorn (38 A D 2d 359).
This court further adheres to its earlier decision with respect to the May 4 and subsequent warrants and amendments. It further adheres to that decision insofar as it may apply to the orders of February 5 and 23, March 16 and April 20.
The motions of the defendants to suppress ,the evidence are in all respects denied.